UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2308 PA (GJSx) | Date | May 15, 2018 |
|---|---|---|---|
| Title | Atelier Fashion Co. v. Amiri & Associates, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Renee Fisher | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **IN CHAMBERS — COURT ORDER**

    Before the Court is a Motion to Dismiss filed by defendant Alberto Amiri, erroneously sued as Albert Amiri ("Defendant") (Docket No. 14). Defendant challenges the sufficiency of the Complaint filed by plaintiff Atelier Fashion Company, Inc. ("Plaintiff").[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for May 21, 2018, is vacated, and the matter taken off calendar.

    Plaintiff is the owner and creator of the AMIRI fashion brand, which launched in 2013. Plaintiff owns registered trademarks for AMIRI. According to the Complaint, Defendant and his company, defendant Amiri and Associates, own and operate a website having the domain name https://amiri.com. For years, Defendant used this website only for personal (and non-commercial) use, including by posting family photographs. According to Plaintiff, Defendant's use of the website changed after Plaintiff contacted Defendant in February 2015 and offered to purchase the website. Defendant refused, and instead modified his website and turned it into a store for high-end men's and women's clothing, shoes, bags, hats and other accessories. The Complaint alleges that the home page of Defendant's website features the word "AMIRI" at the top, set off in a narrow black font against a white background, just how it appears on Plaintiff's home page, and includes a caption offering "Top Fashions in a Ready-to-Wear Amiri Style." Plaintiff alleges that Defendant's website directs visitors to merchandise available for purchase on Amazon.com from other fashion designers and that Defendant profits from these sales.

    The Complaint asserts claims for: (1) federal trademark infringement, 15 U.S.C. § 1114; (2) federal unfair competition and false designation of origin, 15 U.S.C. § 1125; (3) federal

---

[1]     Defendant Amiri & Associates has not appeared in this action despite Plaintiff having filed a Proof of Service indicating that Amiri & Associates was served with the Summons and Complaint on March 27, 2018.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2308 PA (GJSx) | Date | May 15, 2018 |
|---|---|---|---|
| Title | Atelier Fashion Co. v. Amiri & Associates, et al. | | |

trademark dilution, 15 U.S.C. § 1125; (4) registered trademark infringement, Cal. Bus. & Prof. Code § 14335; (5) trademark dilution, Cal. Bus. & Prof. Code § 14247; and (6) unfair competition, Cal. Bus. & Prof. Code § 17200.

In his Motion to Dismiss, Defendant contends that Plaintiff's federal trademark claims fail to state viable claims for relief because they do not identify the particular section of the Lanham Act under which Plaintiff seeks relief allege, fail to allege sufficient well-pleaded facts, and the allegations of consumer confusion fail to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for claims sounding in fraud. Defendant asserts that the state law trademark claims are subject to dismissal because they suffer from the same deficiencies as the federal claims or are preempted by the Lanham Act.[2/] Defendant further contends that the Complaint's state law unfair competition claim fails because Plaintiff has an adequate remedy at law and therefore may not take advantage of the equitable remedies provided by California Business and Professions Code section 17200.

For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct.

---

[2/] In its Opposition to Defendant's Motion, Plaintiff abandons the Complaint's fourth claim for relief under California Business and Professions Code section 14335 not because of Defendant's arguments, but because that statute has been repealed and replaced by another provision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-2308 PA (GJSx) | Date | May 15, 2018 |
|---|---|---|---|
| Title | Atelier Fashion Co. v. Amiri & Associates, et al. | | |

at 1965.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

     The Court rejects all of Defendant's arguments.  Instead, the Court concludes that the Complaint alleges sufficient well-pleaded factual allegations to satisfy the Twombly standard.  It is this standard, and not Rule 9(b)'s heightened pleading standard, that applies to Plaintiff's claims.  See Rolex Watch U.S.A., Inc. v. Agarwal, No. CV 12-6400 MMM (MRWx), 2012 WL 12886444, at *3 (C.D. Cal. Dec. 17, 2012).[3]  The Court additionally concludes that the Complaint's fifth and sixth claims also allege viable claims and are not preempted or otherwise subject to dismissal.  See Golden Door, Inc. v. Odisho, 646 F.2d 347, 352 (9th Cir. 1980); Craigslist, Inc. v. Autoposterpro, Inc., No. CV 08-5069 SBA, 2009 WL 890896, at *3 (N.D. Cal. March 31, 2009).

     For all of the foregoing reasons, the Court denies Defendant's Motion to Dismiss.  Based on Plaintiff's abandonment of its fourth claim brought pursuant to California Business and Professions Code section 14335, the Court dismisses that claim without leave to amend.  Defendant shall file its Answer to the remaining claims asserted in the Complaint by no later than May 29, 2018.

     IT IS SO ORDERED.

---

[3]    Even if Rule 9(b) somehow applied, the Complaint's allegations satisfy that standard.